UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00090-FDW-DSC

| | |
|---|---|
| AIRBORN MANUFACTURING, INC. and LLB ENTERPRISES, LLC, <br><br>Plaintiffs,<br><br>vs.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>Defendant. | ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. No. 4). Defendant's motion has been fully briefed and, for the reasons stated herein, the Motion is DENIED IN PART solely to the extent it seeks dismissal of Plaintiffs' claim under Chapter 75 of the North Carolina General Statutes and is otherwise GRANTED IN PART.

## I. BACKGROUND

Taking the allegations in the Complaint as true, the Court sets forth the following relevant factual background. Prior to April 2019, the parties executed a first-party property insurance contract (the "**Policy**"), wherein Defendant agreed to insure Plaintiff's warehouse against damage caused by, among other things, wind and rain. (Doc. No. 1-1, p. 1–2). In April 2019, a "severe weather event" damaged the roof of the warehouse, allowing rain to enter the building and cause further damage. Id. at 2. Plaintiffs, seeking funds under the contract to pay for repairs, notified Defendant. Id. Defendant's representative requested reports on the roof's condition but refused to meet on the premises to inspect continuing damage to the interior of the building. Id. at 3.

1

Defendant did hire at least one inspection company to examine the damage, and in mid-May 2019, Defendant made an initial payment for the "drying in" of the roof. Id. In June, Plaintiffs informed Defendant that additional repairs were necessary to prevent further damage and restore the building to usable condition. Id. Eventually, Defendant paid Plaintiffs $133,899.81 to repair part of the roof, asserting that it bore no responsibility to pay for repairs to the interior of the building and other parts of the roof. Id.

Plaintiffs sued Defendant for breach of contract, violation of Chapters 58 and 75 of the North Carolina General Statutes, and negligence. Id. at 4–8. In their Complaint, Plaintiffs allege Defendant failed to investigate their claims in a timely manner, prevent continuing damage to the insured premises, and pay them the full amount due under the insurance contract. Id. at 4–5. Defendant now moves to dismiss all but the breach of contract claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 4).

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) inquiry is limited to determining if the pleader's allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief." To survive a defendant's motion to dismiss, the factual allegations in the pleading must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a pleading will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the party asserting the claim. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). Further, in a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pled factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. ANALYSIS

**A. Chapter 58 of the North Carolina General Statutes**

In the second count of their Complaint, Plaintiffs allege Defendant violated North Carolina General Statutes § 58-63-15(11), which defines various claim settlement practices as "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance" when "committ[ed] or perform[ed] with such frequency as to indicate a general business practice." (Doc. No. 1-1, pp. 5–7). Defendant, however, correctly asserts the Court must dismiss this count because there is no private right of action to enforce § 58-63-15(11). (Doc. No. 5, pp. 3–5). The subsection itself states, and North Carolina courts have consistently held, that no violation of § 58-63-15(11) creates a private right of action. N.C. GEN. STAT. § 58-63-15(11) (2022); see e.g., Pearce v. Am. Defender Life Ins. Co., 343 S.E.2d 174, 179 (N.C. 1986). Therefore, the Court must dismiss this claim.

3

**B. Chapter 75 of the North Carolina General Statutes**

Plaintiffs next allege Defendant violated Chapter 75 of the North Carolina General Statutes by committing an unfair trade practice. (Doc. No. 1-1, p. 7). In response, Defendant argues Plaintiffs pled this claim deficiently because they failed to plead "substantial aggravating circumstances." (Doc. No. 5, p. 5) (quoting Sanger, Ltd. v. C.W. Bearing USA, Inc., No. 3:07CV24, 2007 WL 2583703, at *1 (W.D.N.C. Sept. 7, 2007) (citation omitted)).

North Carolina General Statutes § 75-1.1 proscribes "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." If a violation of § 75-1.1 harms a private party, that party has a right of action against the violator. N.C. GEN. STAT. § 75-16 (2022). Generally, a plaintiff who asserts a breach of contract constitutes an unfair or deceptive practice under Chapter 75 "must show substantial aggravating circumstances attending the breach to recover under the Act, which allows for treble damages." Branch Banking & Tr. Co. v. Thompson, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992). In the insurance context, however, the North Carolina Supreme Court has held that violations of § 58-63-15(11) can "support a finding of unfair or deceptive acts or practices" as a matter of law. Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 676, 683 (N.C. 2000). Specifically, the Gray court held that even a single instance of "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear"—the conduct proscribed by § 58-63-15(11)(f)—violates § 75-1.1. Id. The North Carolina Court of Appeals subsequently extended this holding to the conduct proscribed by the other subsections of § 58-63-15(11). Country Club of Johnston Cnty., Inc. v. U.S. Fid. & Guar. Co., 563 S.E.2d 269, 279 (N.C. Ct. App. 2002).

4

Here, Plaintiffs have adequately alleged violations of at least N.C. GEN. STAT. § 58-63-15(11)(b), (h), and (n), which respectively prohibit "[f]ailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies," "[a]ttempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled," and "[f]ailing to promptly provide a reasonable explanation of the basis . . . for denial of a claim or for the offer of a compromise settlement." See (Doc. No. 1-1, pp. 3, 6–7). Plaintiffs have also sufficiently pled that the alleged unfair trade practices occurred in or affected commerce and injured Plaintiffs. Id. Therefore, at this early stage, Plaintiffs have stated a plausible claim for relief under § 75-1.1. See Gray, 529 S.E.2d at 681 ("In order to establish a violation of [N.C. GEN. STAT.] § 75-1.1, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs.") (citations omitted).

**C. Negligence**

Plaintiffs also assert a negligence claim against Defendant, alleging Defendant failed to adequately investigate their claim, prevent water damage to the roof of their building, and pay them the full amount due under the Policy. (Doc. No. 1-1, p. 8). Defendant argues the economic loss rule bars that claim. (Doc. No. 5, pp. 7–9). The Fourth Circuit summarized the North Carolina economic loss rule in Legacy Data Access, Inc. v. Cadrillion, LLC, 889 F.3d 158 (4th Cir. 2018):

> A "tort action must be grounded on a violation of a *duty* imposed by operation of law," not a violation of a duty arising purely from "the contractual relationship of the parties." Rountree v. Chowan Cty., 796 S.E.2d 827, 831 (N.C. Ct. App. 2017) (citation and internal quotation marks omitted). Thus, a "tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract." Id. at 830 (citation omitted). "It is the law of contract," not tort law, "which defines the obligations and remedies of the parties in such a situation." Id. (citation omitted). Accordingly, "North Carolina law requires"

5

courts "to limit plaintiffs' tort claims to only those claims which are 'identifiable' and distinct from the primary breach of contract claim." Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 346 (4th Cir. 1998) (quoting Newton v. Standard Fire Ins. Co., 291 N.C. 105, 229 S.E.2d 297, 301 (1976)).

Id. at 164 (emphasis in original).

Here, Defendant's obligations to Plaintiffs arise solely out of the Policy. Further, the allegations in Plaintiffs' breach of contract claim are substantially similar to those in their negligence claim, such that Plaintiffs' negligence claim is not distinct from their primary breach of contract claim. See (Doc. No. 1-1, pp. 4–5, 8). Accordingly, the economic loss rule bars Plaintiffs' negligence claim.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim, (Doc. No. 4), is DENIED IN PART solely to the extent it seeks dismissal of Plaintiffs' claim under Chapter 75 of the North Carolina General Statutes and is otherwise GRANTED IN PART.

Plaintiffs' claim under Chapter 58 of the North Carolina General Statutes and negligence claim are hereby DISMISSED.

IT IS SO ORDERED.

Signed: September 12, 2022

Frank D. Whitney
United States District Judge